[No. 11045.   Department Two.   December 15, 1913.]

CHARLES BECKER, *Respondent*, v. SUNNYSIDE LAND & INVESTMENT COMPANY *et al.*, *Appellants.*[1]

FRAUD—MISREPRESENTATIONS—DAMAGES—LIABILITY. An agent is liable in damages for fraud in inducing plaintiff to purchase land by falsely representing that it was not alkali land, where he knew plaintiff could not tell alkali land and inspection at that time of the year would not disclose its character to one not familiar with it.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered June 26, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Stephen E. Chaffee* (*Wende & Taylor*, of counsel), for appellants.

*J. M. Dunn*, for respondent.

MAIN, J.—This action was brought for the purpose of recovering damages on account of false and fraudulent representations in the sale of land.

On February 4, 1910, and for some years prior thereto, A. N. Swigart and wife were the owners of a forty-acre tract of land, in Yakima county, Washington. The defendant, Sunnyside Land & Investment Company, a corporation, was the agent of Swigart and wife for the purpose of negotiating the sale of this land. The plaintiff, for many years, had been

[1]Reported in 136 Pac. 1147.

a resident of western Washington, and was a stranger in Yakima county. He knew nothing about alkali lands, or how to distinguish them. On February 3, 1910, while en-route to Mabton for the purpose of investigating with a view to purchasing land there, he met one A. Wilmot, with whom he had been acquainted for a number of years. Wilmot persuaded him not to go to Mabton, but to stop at Sunny-side. This the plaintiff finally consented to. The train upon which they were arrived at the latter place during the morning of February 4th. Immediately upon leaving the train, Wilmot took the plaintiff to the office of the defendant, and there introduced him to H. L. Miller. Wilmot testified that he told Miller that the plaintiff was a friend of his from Seattle; that he had been farming on the West side, and had come over to Eastern Washington to look at land; that he did not know anything about irrigated land or alkali land, and requested that Miller do the best he could for him and give him a good piece of land.

Becker testified that he told Miller at this time that he wanted a good piece of land which would produce alfalfa, potatoes, and other farm produce; that he knew nothing of the country there and would leave it to Miller to select for him such land as he wanted.

Soon thereafter, Miller secured a conveyance, and he and the plaintiff drove into the country, and after looking at one or two pieces of land casually, came to the forty owned by the Swigarts. Here they got out of the conveyance and walked across the land. When approaching the southwest corner thereof, Miller told the plaintiff that there were five or six acres of alkali land at that point. Becker testifies that he then inquired of Miller as to the remaining portion of the land, and that Miller told him it was all good land and would produce hay, potatoes, and other farm products and that there was no alkali on it. It appears from the evidence on the part of the plaintiff that, at this time, practically the entire south twenty acres of the land was impregnated with

alkali; that, at the time of the year they were there, one not familiar with alkali land would not be able to ascertain its condition by an inspection, while one who was familiar with land of this character would readily recognize it.

Upon returning to Sunnyside this day, the plaintiff contracted for the purchase of the Swigart forty, and moved upon the same in about a month thereafter. He did not discover that about one-half of the forty was alkali until after he had moved upon the land. He lived upon the place and farmed it for two seasons. On or about April 26, 1912, the present action was begun to recover damages, the plaintiff claiming that he had been defrauded in that Miller had misrepresented to him the character of the south twenty acres of the forty other than the five or six acres in the southwest corner.

The cause was tried to the court and a jury. A judgment of nonsuit was entered as to Swigart and wife. As to the Sunnyside Land & Investment Company, the question whether or not there had been fraudulent and false representations was submitted to the jury. A verdict was returned for the plaintiff in the sum of $1,250. Motion for new trial being made and overruled, judgment was entered upon the verdict. The Sunnyside Land & Investment Company appeals.

The appellant argues that, since there was no fiduciary relation existing between the parties, and the respondent had an opportunity of inspecting the land, there was not sufficient evidence to justify the court in submitting the question to the jury. But this contention overlooks the fact that the means of knowledge as to the condition of the land was not equally open to the parties, and that the respondent knowing nothing about alkali land would not be able to ascertain its condition from an inspection. In the recent case of *Stewart v. Larkin,* 74 Wash. 681, 134 Pac. 186, it is said:

"It has always been the law that where the parties deal as strangers and the means of knowledge are equally available and the lands subject to the inspection of the purchaser, and

he avails himself of the opportunity of inspection afforded him, he cannot be heard to say that he has been deceived, even though the truth has been withheld from him or the facts misrepresented, as the true facts are as available to him and as much within his knowledge as that of the one with whom he deals.  [Citing previous decisions of this court.]" `

Applying this rule to the facts in the present case, it was the duty of the trial court to submit to the jury the matter as to whether or not there had been fraudulent representations.  If the plaintiff's evidence is to be believed, then the means of knowledge was not equally available to the seller and the purchaser.  Neither would an inspection of the land by the purchaser who was not familiar with alkali land apprise him of its condition.

Many other assignments of error are set out and argued in the briefs.  In the limited space allotted to an opinion, a discussion of all these claims of error would not be possible. It is sufficient to say that the record has been read with care and all the assignments of error considered.  We do not find substantial merit in any of them.

The primary question in the case was one of fact.  If the evidence on the part of the respondent is believed, it was sufficient to establish fraudulent misrepresentations.  On the other hand, if the evidence on the part of the appellant correctly presents the facts, then the respondent was not overreached.  Upon this conflicting evidence, the jury found for the plaintiff.

The judgment will be affirmed.

CROW, C. J., ELLIS, MORRIS, and FULLERTON, JJ., concur.